Filed 4/12/22  P. v. Zhang CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B309279 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA122121) |
| v. | |
| JIAYI ZHANG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed as modified.

Castaneda Law, Sergio A. Castaneda and Mukund Arun for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant Jiayi Zhang appeals from a judgment of conviction following a court trial, contending that the trial court erred by denying his request to withdraw his prior waiver of his right to a jury trial and that his counsel rendered ineffective assistance.  We affirm the judgment as modified.

# II.  BACKGROUND

## A.    *Information*

On February 24, 2020, the Los Angeles County District Attorney charged defendant by information with assaulting a peace officer (Pen. Code, § 245, subd. (c), count 1); hit and run resulting in injury to a person (Veh. Code, § 20001, subd. (b)(1), count 2); and hit and run resulting in property damage (Veh. Code, § 20002, subd. (a), count 3).

## B.    *Waiver of Jury Trial*

On November 3, 2020, defendant appeared before the master calendar court with his defense counsel and a Mandarin language interpreter.  Defense counsel advised the court that the prosecution had made, and the defendant had rejected, a plea offer, but that "both sides are willing to waive jury for a four year lid; meaning, the most [defendant] could receive, if convicted by the court, would be four years."  The prosecution agreed that those were the terms of the agreement reached by the parties.

The court and defendant then engaged in the following colloquy:

"THE COURT: [Defendant,] I want you to listen to me carefully; all right?

"Your case is ready to go to trial. You do have a right to a jury trial on all the charges against you. What happens in a jury trial is your lawyer and the District Attorney select 12 people from the community to sit [as] jurors. The jurors listen to the evidence. The jurors decide whether the charges have been proved beyond a reasonable doubt. A jury can convict you of any of the charges only if they find all the necessary elements that make up any charge proven beyond a reasonable doubt. All 12 jurors have to agree. That means to be found guilty, all 12 jurors have to agree that the charges have been proved beyond a reasonable doubt. To be found not guilty, all 12 jurors have to be convinced the charges have not been proved beyond a reasonable doubt; that there is a reasonable doubt remaining. Either way it goes, all 12 of the jurors have to agree, and they have to make their decision based upon the evidence that is presented in court.

"Do you understand what a jury trial is?

"[ ] DEFENDANT: Yes.

"THE COURT: Have you discussed your right to a jury trial and what a jury trial is with your lawyer, [defense counsel]?

"[ ] DEFENDANT: Yes.

"THE COURT: Now, there's another trial that you can have. That's called a court trial. A court trial is where a judge listens to the evidence all by himself or herself. The judge, alone, decides what has been proved or not proved beyond a reasonable doubt. If a judge decides that the charges or any charge have been proved beyond a reasonable doubt, then the judge will find

3

you guilty.  If the judge determines that the charges or a charge has not been proved beyond a reasonable doubt, then the judge will find you not guilty. . . .  So instead of having 12 jurors decide the case and have to agree unanimously, it's just a single person listening to evidence and deciding what has or has not been proved beyond a reasonable doubt.

"Do you understand what a court trial is?

"[ ] DEFENDANT:  Yes.

"THE COURT:  Have you discussed the court trial issue with your lawyer?

"[ ] DEFENDANT:  Yes."

The court also informed defendant that he had a constitutional right to a jury trial, and that he had to give up his jury trial right before he could receive a court trial.

When asked whether he understood, defendant responded, "Yes."

The court then asked defendant whether he wished to waive his jury trial right, and defendant responded, "Yes."

Defense counsel and the prosecutor also joined in the waiver.

The court then set the matter for a court trial on November 9, 2020.  It advised the prosecution to have its witnesses ready on that date and advised both parties that the court would "tell [the judge assigned to trial] no jurors because we've had a jury trial waiver."

C.      *Request to Withdraw Waiver*

On November 9, 2020, defendant and his counsel appeared for trial.[1]  A Mandarin language interpreter was also present. After both the prosecution and defense announced that they were ready to proceed to trial, defense counsel stated:  "I just wanted to put on the record that [defendant] informed me that he has now changed his mind about the jury trial waiver."

The trial court responded, "Understood.  And you learned of that this morning?"

Defense counsel answered that he had.

The trial court then addressed defendant directly, "Your attorney has mentioned to me just moments ago that you've had a change of mind and you would now like to exercise your right to have a jury resolve the trial matter rather than a judge alone without a jury.  [¶]  Is this a correct statement?"

Defendant responded, "Correct."

The trial court then stated that it would consider the merits of defendant's motion to withdraw his waiver of jury trial and asked defense counsel whether he "wish[ed] to make any comments on behalf of [his] client as to the knowing and voluntary waiver of a right to have a jury?"

Defense counsel responded:  "I can just convey to the court that the option of a jury trial waiver was discussed with him and exchanged for a cap on a sentence.  I let him know about that.  I explained the pros and cons of that.  [Defendant] told me on our last court appearance that he wished to waive jury trial, and

---

[1]      A different judge than the one who presided at the waiver hearing presided at the trial.

today he's told me he's changed his mind.  That's all I can convey to the court about that issue."

The trial court then asked defendant:  "What changed between Thursday of last week and today?"

Defendant responded:  "My position was made in a hurry.  I did not have a thorough understanding of the differences between the bench trial and jury trial.  After I learned that, I am more on the side of using the jury trial."

The trial court asked defense counsel, "[T]his discussion or this issue of whether or not a right to have a jury should be waived or not—was that a discussion that was limited solely to Thursday [the day of defendant's waiver], or were there previous discussions about that?"

Defense counsel responded, "No, that was actually solely on Thursday."

Following some questions to the prosecutor, the trial court ruled:  "I have to be convinced by clear and convincing evidence that you entered this waiver out of ignorance, mistake, or some factor that overcame your exercise of free judgment.  I'm not hearing that from you.  What I'm hearing from you is what I would call buyer's remorse and that you've had afterthoughts and now decide[d] that you would rather have a jury than a bench trial.  The People have gone through the effort of subpoenaing witnesses, and they're ready to go today based on your representation to the court last week.  So I don't find that there is clear and convincing evidence that your waiver was somehow improper; so I'm going to deny your request to withdraw your waiver of your right to have a jury resolve this issue.  We're going to proceed with trial, without a jury.  So the motion is respectfully denied."

D.    *Trial and Sentence*

The court trial commenced that day.  Following the testimony of the witnesses, including defendant, the court found defendant guilty beyond a reasonable doubt as to counts 1 and 3.  As to count 2, the court found defendant not guilty of felony hit and run under Vehicle Code section 20001, subdivision (b)(1), but guilty of the lesser included offense of misdemeanor hit and run (*id.*, § 20002, subd. (a)).

The trial court sentenced defendant to four years in custody, consisting of the middle term for violation of Penal Code section 245, subdivision (c) for count 1, and six months each for counts 2 and 3 for violation of Vehicle Code section 20002, subdivision (a), to be served concurrently.  The court also imposed certain fines and assessments.  Defendant stipulated to an order of restitution, which the court entered.  Defendant timely appealed.

## III.  DISCUSSION

A.    *Applicable Law*

"Under the federal Constitution and our state Constitution, a defendant in a criminal prosecution has a right to a jury trial. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 16; *People v. Weaver* (2012) 53 Cal.4th 1056, 1071 . . . .)  However, a 'jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel.' (Cal. Const., art. I, § 16.)  Waiver must be 'express[ed] in words . . . and will not be implied from a defendant's conduct.'

(*People v. Holmes* (1960) 54 Cal.2d 442, 443–444 . . . .)  Moreover, 'a defendant's waiver of the right to jury trial may not be accepted by the court unless it is knowing and intelligent, that is, ""made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it,"'" as well as voluntary ""in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.""'" (*People v. Collins* (2001) 26 Cal.4th 297, 305 . . . , quoting *Moran v. Burbine* (1986) 475 U.S. 412 . . . .)" (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166 (*Sivongxxay*).)  Here, defendant does not challenge the trial court's acceptance of his November 3, 2020, waiver of jury trial.[2]

---

[2]    Our Supreme Court has provided guidance to trial courts "to help ensure that a defendant's jury trial waiver is knowing and intelligent":  "Going forward, we recommend that trial courts advise a defendant of the basic mechanics of a jury trial in a waiver colloquy, including but not necessarily limited to the facts that (1) a jury is made up of 12 members of the community; (2) a defendant through his or her counsel may participate in jury selection; (3) all 12 jurors must unanimously agree in order to render a verdict; and (4) if a defendant waives the right to a jury trial, a judge alone will decide his or her guilt or innocence.  We also recommend that the trial judge take additional steps as appropriate to ensure, on the record, that the defendant comprehends what the jury trial right entails.  A trial judge may do so in any number of ways—among them, by asking whether the defendant had an adequate opportunity to discuss the decision with his or her attorney, by asking whether counsel explained to the defendant the fundamental differences between a jury trial and a bench trial, or by asking the defendant directly if he or she understands or has any questions about the right being waived." (*Sivongxxay*, *supra*, 3 Cal.5th at pp. 169–170.)

If a defendant knowingly and intelligently waives the right to a jury trial, we review the trial court's order denying a request to withdraw the waiver for abuse of discretion.  (*People v. Chambers* (1972) 7 Cal.3d 666, 670–671.)  "Absent special circumstances the court may deny a motion to withdraw such a waiver especially where adverse consequences will flow from the defendant's change of mind.  In exercising its discretion[,] the court may consider such matters as the timeliness of the motion to withdraw the waiver, the reason for the requested withdrawal and the possibility that undue delay of the trial or inconvenience to witnesses would result from granting the motion."  (*Id.* at pp. 670–671.)

"'"To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant.  [Citation.]  'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'  (*Strickland v. Washington* (1984) 466 U.S. 668, 694 . . . .)'" ([*People v. *]*Riel* [(2000) 22 Cal.4th 1153,] 1175.)"  (*People v. Rices* (2017) 4 Cal.5th 49, 80.)

---

The record demonstrates that the court here followed our Supreme Court's recommendation.

B.    *Analysis*

Defendant contends that the trial court abused its discretion in denying his request to withdraw his waiver of his jury trial right.  We disagree.

Defendant did not make his motion to withdraw his waiver until the morning of trial.  Thus, the motion was not timely. Defendant's assertion that he advised his counsel that he wished to withdraw his waiver on November 3, 2020, is contrary to the record, which includes counsel's statement that he learned of defendant's change of mind on the morning of trial.[3]  Further, the prosecution had subpoenaed witnesses to testify at trial and we infer from the court's November 3, 2020, statement that it would advise the trial judge "no jurors," that the court had not summoned jurors to report on the trial date.  The trial court therefore could have reasonably concluded that defendant's withdrawal would have inconvenienced witnesses and caused undue delay.

We next consider defendant's contention that his counsel provided ineffective assistance during the hearing on his motion to withdraw his waiver.  According to defendant, "[d]espite knowing that [defendant] had changed his mind the very day after the waiver, [counsel], on November 9, 2020, the morning of the trial, informed the court that [defendant] had informed counsel that morning of his decision."  Defendant's contention is meritless.  As we discuss above, the record does not support defendant's assertion that he advised his counsel that he wished to withdraw his waiver any time before the morning of trial.

---

[3]    Defendant concedes that his assertion is "not on the record."

10

Thus, defendant cannot demonstrate that his counsel's performance was objectively unreasonable.

Defendant also contends that counsel was ineffective because he did not "demonstrate any advocacy on behalf of [defendant]." Here, defense counsel advised the trial court that he had just learned that defendant wished to withdraw his jury trial waiver. He also provided an explanation for the reason for the request to withdraw, namely, that defendant had "changed his mind about the jury trial waiver." And, counsel confirmed that he had only discussed with defendant the jury trial waiver on the day of the waiver. Defendant has not articulated what more counsel could have done to advocate on behalf of defendant's request. He therefore cannot prevail on his ineffective assistance of counsel claim on appeal.

C. *Abstract of Judgment*

The Attorney General asserts that the abstract of judgment is incorrect, as it erroneously indicates that defendant's four-year sentence for violation of Penal Code section 245, subdivision (c) is the upper term, when it should be the middle term. We agree and will order that the abstract of judgment be corrected.

11

## IV.  DISPOSITION

Upon remittitur, the trial court is ordered to correct the abstract of judgment to reflect that the four-year sentence for violation of Penal Code section 245, subdivision (c) is the middle term.  The clerk of the superior court is directed to prepare an amended abstract of judgment reflecting this correction and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

12